OPINION
Defendant-appellant Gary Wipperman appeals from his designation as a sexual predator. Wipperman contends that the trial court erred by designating him a sexual predator without a hearing, and without consideration of the factors required by statute to be considered. We agree with the State that Wipperman may not now complain that the trial court designated him to be a sexual predator without a hearing, when his trial counsel, at the hearing, stipulated that the doctrine of res judicata required the designation. We also agree with the State that multiple sexual predator designations are generally not redundant, since each case may have a different victim, who will be required to be notified as a result of the designation in that victim's case. Accordingly, the judgment of the trial court is Affirmed.
 I
In 1992, Wipperman was convicted in both Greene and Montgomery counties of sexual offenses involving his daughter, who was under the age of thirteen. In Greene County, he was convicted of Gross Sexual Imposition and Felonious Sexual Penetration. In Montgomery County, he was convicted of Rape, without force.
In early 2000, Wipperman was referred to the common pleas courts of both counties for sexual predator hearings. The Greene County Court of Common Pleas found him to be a sexual predator. On May 26, 2000, he appeared with his attorney in the Montgomery County Court of Common Pleas, and his attorney made the following statement to the trial court at the outset of the proceedings:
 Your Honor, this case has been pending for some time before we could finally get it resolved. What we agreed to is a stipulation that there has been a judgement entry filed. I think that is probably part of the Court's file. I know it was provided to me by the probation department out of Greene County determining that Mr. Wipperman was a sexual predator. So we're going to agree to that that has been determined by Greene County. And further, that on the basis of that finding, that Mr. Wipperman is a sexual predator in Greene County that this Court will enter a finding that Mr. Wipperman is a sexual predator based not on any evidence which we're not going to present, but only on the basis of the fact that he has already been determined to be a sexual predator in Greene County.
 THE COURT: That is based on the theory of res judicata.
 MR. ARMSTRONG [representing Wipperman]: I did file back on January 26th a motion to dismiss this proceeding based on that issue that he has, in fact, previously been determined already in Greene County, and therefore there wasn't any need for this Court to make a similar and identical finding because it doesn't, a finding by this Court doesn't add any additional reporting requirements upon the defendant other than what is already there in place from the previous adjudication from Greene County.
 THE COURT: Okay. Let me speak to that for a minute. I believe that the Greene County court necessarily had to make a finding by clear and convincing evidence that the defendant was likely to commit a sexually oriented offense in the future. That finding primarily is based upon evidence presented to the Court, and that Court determined apparently by clear and convincing evidence that the defendant was likely to commit a sexual offense in the future. I believe I am bound by that finding, and however, I do think that the proceeding itself is appropriate to bring in this court since a sexually oriented offense commenced and took place allegedly in this county and the man was convicted of it, but I share with counsel the fact that it seems to me to be inappropriate, in fact, to take testimony on the issue in view of the fact we have already had that determination made by a common pleas court in another part of the state. I think that finding is res Judicata on this court, and I will use this as a basis for my finding. Anything Mr. Lasky?
 MR. LASKY [representing the State]: So I am clear, you are going to overrule defense counsel's motion to dismiss, but make your findings under the grounds?
 THE COURT: That is correct, the motion to dismiss, because of the proceedings in the other county is overruled. But, he does make an extremely valid point about the need for taking further testimony and this Court reconsidering on the evidence whether or not the findings should be made. In that case, the State of Ohio was a party. In that case, the defendant was a party. The issues were the same. I would be surprised if the testimony was significantly different at all from what it would be in this county, and consequently, I think that the requirements for the application of res judicata exist here. Therefore, unless there is something else from counsel, I am ready to use the res judicata concept to make my finding.
 MR. LASKY: Nothing further from the State, your Honor. Thank you.
 MR. ARMSTRONG: Nothing further from the Defendant at this time, your Honor.
Whereupon, the trial court determined that Wipperman was a sexual predator. From that determination, Wipperman appeals.
 II
Wipperman presents three assignments of error, as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY DESIGNATING THE APPELLANT AS A SEXUAL PREDATOR WITHOUT A HEARING AS REQUIRED BY R.C. § 2950.09(B)(1).
 THE TRIAL COURT ERRED AS A MATTER OF LAW BY DESIGNATING THE APPELLANT AS A SEXUAL PREDATOR WITHOUT CONSIDERING ANY OF THE FACTORS DESIGNATED IN R.C. § 2950.09(B)(2).
 THE FINDING THAT THE APPELLANT IS A SEXUAL PREDATOR IN Case No. 92 CR 0959 IS INSUFFICIENT AS A MATTER OF LAW AND NOT BASED ON CLEAR AND CONVINCING EVIDENCE AND THEREFORE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND THE TRIAL COURT ERRED IN OVERRULING DEFENDANT'S MOTION TO DISMISS BASED ON RES JUDICATA.
Essentially, Wipperman contends that the trial court erred by basing its sexual predator designation on the application of the res judicata doctrine, contending that that is inconsistent with the statutory requirement of a hearing and the application of the factors prescribed in R.C. 2950.09(B)(2).
Even if it was error for the trial court to make the sexual predator designation without a hearing, that error was invited. Wipperman's trial counsel clearly indicated to the trial court that there was no need to take any evidence in this case, in view of the sexual predator designation that had already been made in Greene County.
We do not understand Wipperman to be arguing, in this appeal, that it was error for the trial court to have entertained the sexual offender classification issue in the first place, but he did argue in the trial court that it was redundant, and improper, to entertain a sexual offender classification issue in Montgomery County, after Wipperman had already been determined to be a sexual predator in Greene County. We agree with the State, however, that, as a general proposition, multiple sexual offender designations are not redundant. As the State points out, the statute provides that the victim in a case is entitled to notification of the offender's registration or change of information. R.C. 2950.10. In this case, of course, the victim was identical in both counties. However, that will not always be the case.
Furthermore, the pendency of sexual predator designation in multiple counties will not prejudice a defendant. The statute provides that a person who has been determined to be a sexual predator may, in the future, petition the trial court for a determination that the offender is no longer a sexual predator. R.C. 2950.09(D)(1). As we understand this provision, the trial court is obliged to enter a determination that the offender is no longer a sexual predator if the trial court finds, by clear and convincing evidence, that the offender is unlikely to commit a sexually oriented offense in the future. This issue — whether, at some future time, would be likely to commit a sexually oriented offense in the future — would be the same issue, whether it is considered in the Greene County case, or whether it is considered in the Montgomery County case.
"* * * a fact or point that was actually and directly at issue in a previous action, and was passed upon and determined by a court of competent jurisdiction, may not be drawn into question in a subsequent action between the same parties or their privies, whether the cause of action in the two actions be identical or different." Ft. Frye Teachers Assn., OEA/NEA v. State Emp. Relations Bd. (1998), 81 Ohio St.3d 392, at 393. This gives Wipperman the opportunity to choose the forum he considers the most favorable in which to pursue a future claim that he is no longer a sexual predator, with the result in that forum being binding on the other forum.
Although Wipperman's appellate counsel has filed a brief in his behalf, Wipperman has filed a "Statement in Rebuttal to Appellee Brief," in his own behalf. In general, we do not consider documents filed pro se by parties who are represented by counsel. We do note, however, that Wipperman appears to be arguing that the doctrine of res judicata cannot be applied in this case, because Wipperman, on his own behalf, interposed a constitutional objection at the end of the hearing. The colloquy to which he refers is as follows:
MR. WIPPERMAN: One thing, your Honor.
THE COURT: I am sorry.
 MR. WIPPERMAN: Before we end this, there is one thing I would like to add.
THE COURT: Certainly.
 MR. WIPPERMAN: If I can, and just for purpose of the record and everything, I want to renew an objection for constitutional grounds.
THE COURT: Yes, sir.
MR. WIPPERMAN: That is all I want to say.
 THE COURT: I had those objections made probably in every case I have had and you may know that initially I found the law to be unconstitutional as it would apply to people already in prison, but I was overruled, and I now am bound to follow the law that the Supreme Court says.
MR. WIPPERMAN: I understand, sir.
 THE COURT: So I must overrule that motion for dismissal.
The colloquy quoted above might preserve as error any constitutional infirmity in the proceedings. Wipperman has not directed our attention to any constitutional infirmity, and we are aware of none.
All of Wipperman's assignments of error are overruled.
 III
All of Wipperman's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF, P.J., concurs.